**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| CEQUELLA S. WHITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:13-CV-223 |
| ) | |
| AW HOLDINGS LLC, *doing business as* ) | |
| ANTHONY WAYNE SERVICES, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Cequella S. Whitt is suing her former employer, Defendant AW Holdings, LLC, d/b/a Anthony Wayne Services, for pregnancy discrimination and retaliation in violation of Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act. (Docket # 1.) Due to Whitt's disregard for this Court's orders and apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that this case be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute. This Report and Recommendation is based on the following facts and principles of law.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Whitt, who was represented by counsel at the time, filed this action on July 29, 2013. (Docket # 1.) Acting through counsel, she amended her complaint on October 30, 2013, and participated in a preliminary pretrial conference on November 27, 2013. (Docket # 17, 22.)

On December 20, 2013, Whitt's counsel filed a motion to withdraw. (Docket # 23.) The Court took the motion under advisement and set it for a hearing on January 23, 2014, instructing

Whitt and her counsel to be present in person. (Docket # 27.)

Whitt, however, failed to appear at the January 23rd hearing, and the hearing proceeded with her counsel present in person and Defendant's counsel present telephonically. (Docket # 28.) The next day, the Court granted the motion to withdraw, and in so doing, advised Whitt that she should undertake immediate efforts to secure successor counsel if she desired to be represented by an attorney, and that the Court now deemed her to be representing herself. (Docket # 29.) The Court then set the matter for a further scheduling conference on February 28, 2014, instructing Whitt to be present in person and advising her that if she failed to appear, sanctions could be imposed under Federal Rule of Civil Procedure 16(f)(1)(A), including dismissal of her case. (Docket # 29.)

Despite this warning, Whitt failed to appear at the February 28, 2014, scheduling conference. (Docket # 30.) After the hearing, the Court issued a show cause Order to Whitt, providing her a final opportunity to explain why sanctions should not be imposed under Rule 16(f)(1)(A). (Docket # 31.) She was warned that if she failed to file a response by March 10, 2014, the undersigned Magistrate Judge would recommend dismissal of her case for failure to prosecute and as a sanction for her failure to appear. (Docket # 31.) The March 10th deadline has now come and gone, and Whitt has not filed a response.

## II. DISCUSSION

Rule 16(f) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference . . . ." Fed. R. Civ. P. 16(f)(1). Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The

"ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Rule 41(b) to *sua sponte* dismiss a case for lack of prosecution. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, despite this Court's Orders requiring her presence, Whitt failed to appear at two hearings–the January 23rd hearing on the motion to withdraw and the February 28th scheduling conference–and never offered any explanation for any of her absences, suggesting at least fault, if not some wilfulness, and resulting in a clear record of delay. Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling hearing. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993).

Additionally, Whitt's failure to appear at the scheduling conference, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned her could be imposed in the order setting the conference. After she failed to appear, the Court gave Whitt yet another opportunity to show cause for her failure to appear, affirmatively stating that it would recommend dismissal if she did not file a response to the February 28th Order; yet, Whitt did not file a response by the March 10th deadline.

As such, the Court not only warned Whitt of the possibility of dismissal twice, but also

gave her the chance to show cause–an opportunity she apparently declined to take–all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367-MJR, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Whitt's repeated failure to comply with the Court's orders and apparent disinterest in pursuing her claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

### III. CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be DISMISSED.

The Clerk is directed to send a copy of this Report and Recommendation to Whitt at her last known address, 7911 Serenity Drive, Fort Wayne, IN 46816, and to counsel for Defendant. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995);

*Egert v. Conn. Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).

    SO ORDERED.

    Entered this 11th day of March, 2014.

                                                      /S/ Roger B. Cosbey  
                                                      Roger B. Cosbey,  
                                                      United States Magistrate Judge