UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CEQUELLA S. WHITT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 1:13-CV-223-PPS-RBC |
|  | ) |  |
| AW HOLDINGS LLC d/b/a ANTHONY WAYNE SERVICES, | ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

**ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Roger B. Cosbey, recommending the dismissal of Plaintiff Cequella Whitt's complaint for failure to prosecute her claim and failure to comply with court orders [DE 32].

Whitt filed her complaint on July 29, 2013, alleging pregnancy discrimination and retaliation [DE 1]. Whitt was represented by counsel at the time, and, through her counsel, she amended her complaint and participated in a pretrial conference in November 2013 [DE 17, DE 22]. In December 2013, Whitt's attorney filed a motion to withdraw [DE 23]. Judge Cosbey set the matter for a hearing, instructing Whitt to be present in person, but Whitt failed to appear [DE 27; DE 28]. Judge Cosbey then granted the motion to withdraw and set the matter for a further scheduling conference on February 28, 2014 [DE 29]. He ordered Whitt to be present in person for the hearing and advised her that he could impose sanctions, including the dismissal of her case, if she failed to appear. *Id.* Again, Whitt did not show up [DE 31]. In response, Judge Cosbey issued a show cause order, giving Whitt until March 10, 2014 to explain why sanctions should not be imposed under Federal Rule of Civil Procedure 16(f)(1)(A). *Id.* Whitt did not file a response, so, on March 11, 2014, Judge Cosbey issued a Report and Recommendation that

Whitt's case be dismissed for her "disregard for this Court's orders and apparent disinterest in pursuing this case"[DE 32 at 1]. Whitt has not responded or filed objections to the Report, as she was instructed to do pursuant to Fed. R. Civ. P. 72(b)(2) [DE 32 at 4].

Federal Rule of Civil Procedure 41(b) provides that a court has discretion to dismiss an action for failure to prosecute "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin* , 514 F.3d 734, 736-37 (7th Cir. 2008). In addition, Rule 16(f) provides that a court, on its own motion, may "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to appear at a scheduling or other pretrial conference . . . " Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or in part, as a sanction. Despite ample warnings, Whitt has continued to fail to comply with court orders and appears to have abandoned her case. After a review of the record, I accept Judge Cosbey's recommendations and find that Whitt has failed to prosecute her claim and to comply with court orders. Dismissal is appropriate pursuant to Fed. R. Civ. P. 41(b).

For the foregoing reasons, the Judge's Recommendation [DE 32] is **ACCEPTED**, and the matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

ENTERED: April 7, 2014

    s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT